# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: ETHOS TECHNOLOGIES INC. DATA BREACH LITIGATION<br><br>This Document Relates To:<br>All Actions | Case No. 3:22-cv-09203-SK<br><br>**FINAL APPROVAL ORDER**<br><br>Complaint Filed: December 30, 2022 |

Having considered the Settlement Agreement filed June 23, 2023 (the "Settlement") between and among Named Plaintiffs Christopher Stein, Josephine Dibisceglia, John Blumenstock, Thomas Rossello, Jeffrey Branch, Derrick Carter, Trevor Pearch, James Schneider and Tameka Young ("Plaintiffs" or "Settlement Class Representative"), individually and on behalf of the Settlement Class, and Defendant Ethos Technologies, Inc. ("Ethos" or "Defendant") (collectively, the "Parties"), having considered the Court's Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order"), having held a Final Approval Hearing on August 5, 2024, having considered all of the submissions and arguments with respect to the Settlement, and otherwise being fully informed, and good cause appearing, the Court HEREBY ORDERS as follows:

1. Plaintiffs' Motion for Final Approval of Class Action Settlement is **GRANTED**.

2. This Order incorporates the Settlement (including its exhibits) and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement and Preliminary Approval Order shall have the same meanings for purposes of this Order.

## I. CERTIFICATION OF THE SETTLEMENT CLASS

3. Based on its review of the record, including the Settlement, all submissions in support of the Settlement, and all prior proceedings in the Action, the Court finally certifies the following Settlement Class and California Settlement Subclass (collectively, the "Settlement Class") for settlement purposes only:

> [A]ll persons identified by Defendant (or its agents or affiliates) as being among those individuals impacted by the Data Incident, including all who were sent a notice of the Data Incident.
>
> [A]ll persons identified by Defendant (or its agents or affiliates) as being individuals residing in California impacted by the Data Incident, including all who were sent a notice of the Data Incident.

4. Excluded from the Settlement Class are: (i) Defendant and its respective officers and directors; (ii) the Judge(s) to whom the action is assigned and any member of those Judges' staffs or immediate family members; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

5. Excluded from the California Settlement Subclass are: (i) Defendant and its respective officers and directors; (ii) the Judge assigned to evaluate the fairness of this settlement; and (iii) any other Person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity occurrence of the Data Incident or who pleads *nolo contendere* to any such charge.

6. For settlement purposes only, with respect to the Settlement Class, the Court confirms that the prerequisites for a class action pursuant to Federal Rule of Civil Procedure 23 have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class members in a single proceeding is impracticable; (b) questions of law and fact common to all members of the Settlement Class predominate over any potential individual questions; (c) the claims of Plaintiffs

are typical of the claims of the Settlement Class; (d) Plaintiffs and proposed Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy. Any objections to the Settlement have been considered and are hereby overruled.

## II.   NOTICE TO THE SETTLEMENT CLASS

7. The Court finds that Notice has been given to the Settlement Class in the manner directed by the Court in the Preliminary Approval Order. The Court finds that such Notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement including its Releases, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), and any other applicable law.

8. Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated within the time required by 28 U.S.C. § 1715, and that ninety (90) days has passed without comment or objection from any governmental entity.

## III.   FINAL APPROVAL OF THE SETTLEMENT

9. The Court finds that the Settlement resulted from arm's-length negotiations between Class Counsel and Defendant.

10. The Court hereby finally approves in all respects the Settlement as fair, reasonable, and adequate, and in the best interest of the Settlement Class.

11.     The Court finds that Plaintiffs and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

12.     The Parties shall consummate the Settlement in accordance with the terms thereof.  The Settlement, and each and every term and provision thereof, including its Releases, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

## IV.     DISMISSAL OF CLAIMS AND RELEASE

13.     The Action is hereby dismissed with prejudice as to all Parties including the Settlement Class and without cost to any party, except as otherwise provided herein or in the Settlement.

14.     Upon the Effective Date, and in consideration of the benefits set forth in the Settlement, each of the Settlement Class Representative and Participating Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns, present and former ("Releasing Parties"), shall be deemed to have fully, finally, and forever released, acquitted, and discharged Ethos and its present and former predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, advisors, consultants, representatives, insurers, reinsurers, Ethos and the predecessors, successors, and assigns of any of the foregoing (collectively, the "Released Persons") from any and all Released Claims. This release expressly includes Ethos's insurer with respect to all obligations under any part of the insurance policy applicable to the Released Claims, and from any and all claims arising out of the investigation, handling, adjusting, defense, or settlement of the claim including, without limitation, any claims for negligence, invasion of privacy, unjust enrichment, violations of California's Unfair Competition Law

(Cal. Bus. & Prof. Code § 17200, et seq.), violations of California's Consumer Privacy Act (Cal. Civ. Code § 1798.100 *et seq.*), and declaratory judgment and injunctive relief.

15. For purposes of this Final Approval Order, "Released Claims" means any and all claims or causes of action of every kind and description, including any causes of action in law, claims in equity, complaints, suits, or petitions, and any allegations of wrongdoing, demands for legal, equitable or administrative relief (including, but not limited to, any claims for injunction, rescission, reformation, restitution, disgorgement, constructive trust, declaratory relief, compensatory damages, consequential damages, penalties, exemplary damages, statutory damages, punitive damages, attorneys' fees, costs, interest or expenses) that the Releasing Parties had, have, or may claim now or in the future to have (including, but not limited to, assigned claims and any and all "Unknown Claims" (as defined in the Settlement) that were or could have been asserted or alleged arising out of the same nucleus of operative facts as any of the claims alleged or asserted in the Litigation, including but not limited to the facts, transactions, occurrences, events, acts, omissions, or failures to act that were alleged, argued, raised, or asserted in any pleading or court filing in the Litigation, including but not limited to those concerning: 1) the disclosure of the Participating Settlement Class Members' personal information in the Data Security Incident; 2) Ethos's maintenance of the Participating Settlement Class Members' personal information as it relates to the Data Security Incident; 3) Ethos's security policies and practices as it relates to the Data Security Incident; or 4) Ethos's provision of notice to the Participating Settlement Class Members following the Data Security Incident.

16. Upon entry of this Final Approval Order, the Settlement Class Representative and other Participating Settlement Class Members are enjoined from prosecuting any Released Claims in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by the Settlement or by this Final Approval Order. Likewise, Ethos and its representatives, officers, agents, directors, affiliates, employees, insurers, and attorneys shall be

enjoined from prosecuting any claim they have released in the Settlement in any proceeding against the Settlement Class Representative and Class Counsel or based on any actions taken by the Settlement Class Representative and Class Counsel that are authorized or required by the Settlement or by this Final Approval Order. The Settlement may be pleaded as a complete defense to any claim or proceeding described in this Paragraph.

## V. ATTORNEYS' FEES, COSTS, AND EXPENSES AND REPRESENTATIVE PLAINTIFFS' SERVICE AWARD

17. The Court awards attorneys' fees of $283,972.85 and reimbursement of costs and expenses in the amount of $16,416.57, totaling $300,389.42, and payment of a service award in the amount of $2,000 to Plaintiffs. As required, $50,000 of the attorneys' fee award shall be held pending submission of the post-distribution accounting. The Court directs the Settlement Administrator to pay such amounts in accordance with the terms of the Settlement. Class Counsel, in their sole discretion to be exercised reasonably, shall allocate and distribute the attorneys' fees, costs, and expenses awarded by the Court among Plaintiffs' counsel of record in the Action.

## VI. OTHER PROVISIONS

18    Without affecting the finality of this Final Approval Order in any way, the Court retains continuing and exclusive jurisdiction over the Parties and the Settlement Class for the purpose of consummating, implementing, administering, and enforcing all terms of the Settlement.

19    Nothing in this Final Approval Order, the Settlement, or any documents or statements relating thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendant.

20    In the event the Effective Date does not occur, this Final Approval Order shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement, this Order and all orders entered in connection herewith shall be vacated and null and void, the Parties shall be restored to their respective positions in the Action, all of the Parties' respective pre-Settlement claims and defenses

will be preserved, and the terms and provisions of the Settlement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement shall be treated as vacated, *nunc pro tunc*.

## VII.    POST-DISTRIBUTION ACCOUNTING

21    Within 21 days after the settlement checks become stale (or, if no checks are issued, all funds have been paid to class members, cy pres beneficiaries, and others pursuant to the settlement agreement), the parties should file a Post-Distribution Accounting (and post it on the settlement website), which provides the following information:

    a.    The total settlement fund, the total number of class members, the total number of class members to whom notice was sent and not returned as undeliverable, the number and percentage of claim forms submitted, the number and percentage of opt-outs, the number and percentage of objections, the average, median, maximum, and minimum recovery per claimant, the method(s) of notice and the method(s) of payment to class members, the percentage of success for each method of notice and payment (if known), the number and value of checks not cashed, the amounts distributed to each cy pres recipient, the administrative costs, the attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, plaintiffs' counsel's updated lodestar total, and the lodestar multiplier.

    b.    Where class members are entitled to non-monetary relief, such as discount coupons, debit cards, or similar instruments, the number of class members availing themselves of such relief and the aggregate value redeemed by the class members and/or by any assignees or transferees of the class members' interests.

      c.    Where injunctive and/or other non-monetary relief has been obtained, discuss the benefit conferred on the class.

Counsel should provide this information using the Court's Post-Distribution Accounting Form (available at https://cand.uscourts.gov/forms/civil-forms/) and file it as ECF event "Post-Distribution Accounting" under Civil Events > Other Filings > Other Documents

22.    The Court may hold a hearing following submission of the parties' Post-Distribution Accounting.

**IT IS SO ORDERED.**

Dated: September 6, 2024

By: _____
The Honorable Sallie Kim
United States Magistrate Judge