UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER STEIN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> ETHOS TECHNOLOGIES, INC., <br><br> Defendant. | Case No. 22-cv-09203-SK <br><br> **ORDER ON POST-DISTRIBUTION ACCOUNTING** |

On December 18, 2024, in a declaration from Scott M. Fenwick of the Claims Administrator, Kroll Settlement Administration LLC ("Kroll"), in support of Plaintiffs' motion for final approval, Fenwick stated that, to date, Kroll had incurred $96,715.12 for administering the claims and estimated that it would incur an additional $29,000 to complete the administration of the settlement. (Dkt. No. 55-2 at ¶ 20.)

In the Order granting Plaintiffs' motion for preliminary approval of the class action settlement, the Court noted a deficiency in the parties' proposed short form notice. (Dkt. No. 42.) The Court explained that the proposed short notice inadequately explained the nature of the action as well as the issues, claims, and defenses, and further failed to explain that a class member may enter an appearance through an attorney. (*Id*.) The Court held that the parties needed to revise the short notice to cure these deficiencies. However, Plaintiffs failed to make this required change. (Dkt. No. 57 (Order noting deficiencies in Mot. for Final Approval.) Plaintiffs also failed to address the requirement that Class Counsel shall be responsible for a post-distribution accounting of the Settlement Fund and that $50,000 of Class Counsel's approved fee be held pending submission of the post-distribution accounting. (*Id*.) The Claims Administrator, Kroll Settlement Administration LLC ("Kroll"), estimated that the cost of sending out a revised notice and extending dates would increase Kroll's costs by $55,000 to $60,000. (Dkt. No. 61 at ¶ 7.)

Due to Plaintiffs' error, the Court required a revised notice to be sent out and continued related deadlines. (Dkt. No. 62.) The Court further ordered Plaintiffs to inform the Court regarding the additional costs incurred in revising the website and sending out the revised notice and directed that those additional costs would be deducted from the Plaintiffs' requested attorneys' fees and costs would not impact the class members' recovery. (*Id*.) In response, Plaintiffs explained that the additional costs incurred by Kroll was $16,027.15, as opposed to the estimated $55,000 to $60,000, and that $16,027.15 was being deducted from the request for Class Counsel's attorney's fees. (Dkt. No. 64 at ¶¶ 25-26.)

In the Order granting final approval of the class action settlement, the Court awarded Class Counsel their attorney's fees and costs totaling $300,389.42 but held that $50,000 of the attorneys' fee award would be held pending submission of the post-distribution accounting. (Dkt. No. 68.)

On February 24, 2024, Fenwick of Kroll stated that it would start issuing checks to class members totaling $476,158.14 ($377,759.36 for valid claims at a *pro rata* share of $80.96 each, $95,300 for the California subclass at $100 for each class member, and $3,098.78 for verified out-of-pocket losses by seven claimants). (Dkt. No. 70 at ¶¶ 6, 7.)

The Court issued an Order noting that, taking into account the approved attorney's fees and costs and the service awards, and the amount Fenwick from Kroll calculated for eligible claimants, there would be $189,035.87 remaining from the $1,000,000 settlement fund. (Dkt. No. 72.) However, that amount failed to account for the deduction of $16,027.15 from Class Counsel's attorney's fees. The Court admonished Plaintiffs that, before it would release the $50,000 held back in attorney's fees, it must first approve Kroll's final costs for administering the settlement. The Court required justification for increasing Kroll's payment beyond the disclosed $97,987 and needed to ensure that any remaining amount from the settlement fund would be paid on a *pro rata* basis to eligible claimants from the class. (Dkt. No. 72.)

In another supplemental declaration, Fenwick of Kroll states that Kroll has incurred $182,228.40 in costs as of March 19, 2025, and anticipates incurring $23,444 for the cost of distribution. (Dkt. No. 73.) Based on this declaration, it appears as though Kroll's costs will slightly exceed the amount of funds remaining from the settlement fund. However, Plaintiffs have

2

1 not requested to reduce any payments to class members or to Class Counsel's attorney's fee and
2 cost award.  The Court HEREBY authorizes Kroll to pay to Class Counsel the remaining $50,000
3 and to distribute payments to the class members.  The Court FURTHER ORDERS that Kroll may
4 be paid the amount remaining from the settlement fund for its costs.  However, to the extent that
5 Kroll's expenses exceed this amount, Class Counsel and Kroll will have to work out between them
6 how to pay Kroll and will not decrease any payments to class members.

**IT IS SO ORDERED**.

Dated: March 28, 2025



SALLIE KIM
United States Magistrate Judge